NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000818
18-SEP-2013
08:29 AM

NO. CAAP-12-0000818

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ASIBAYA YOUNG, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 11-1-0153)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

Defendant-Appellant Asibaya Young appeals from the September 26, 2012 "Judgment of Conviction and Sentence" entered in the Circuit Court of the First Circuit[1] (circuit court). Young was convicted of attempted sexual assault in the first degree pursuant to Hawaii Revised Statutes (HRS) §§ 705-500 (1993) and 707-730(1)(a) (Supp. 2012) and robbery in the second degree pursuant to HRS § 708-841(1)(a) (Supp. 2012). On appeal Young contends there was insufficient evidence identifying him as complaining witness's (CW) assailant, and therefore the circuit court erred in denying his motion for judgment of acquittal and the jury wrongfully convicted him of attempted sexual assault and robbery.

---

[1] The Honorable Glenn J. Kim presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Young's appeal is without merit.

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

> State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawai'i 128, 145, 938 P.2d 559, 576 (1997)). "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Richie, 88 Hawai'i at 33, 960 P.2d at 1241 (internal quotation marks and citation omitted).

> The standard to be applied by the trial court in ruling upon a motion for a judgment of acquittal is whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. An appellate court employs the same standard of review.

> State v. Keawe, 107 Hawai'i 1, 4, 108 P.3d 304, 307 (2005) (brackets omitted) (quoting State v. Pone, 78 Hawai'i 262, 265, 892 P.2d 455, 458 (1995)).

State v. Bayly, 118 Hawai'i 1, 6, 185 P.3d 186, 191 (2008).

The testimonies of the witnesses described the physical appearance of CW's attacker. CW said he was:

> Kind of stocky build; maybe, like, 190 pounds to 200 pounds; somewhere between 5-9 and 5-11; dark-skinned African American. He had a T-shirt -- I'm fairly certain it was white [she "thought it had" a pattern] -- and dark jeans and a baseball hat.

CW said the man was "taller" and "[q]uite a bit bigger" than her and he was "kind of like larger, you know, wasn't skinny." Dale Krupa (Krupa), a taxi driver, witnessed an "African American male" attacking CW and he described him as being a "[b]lack male"; "late twenties or early thirties[]"; "like, 6 foot tall [considerably taller than [CW] . . . 210 pounds[;]" and wearing

"[b]lue jeans, white T-shirt, [and] a blue baseball cap." Krupa also said, "[h]e was strong, strong in the arms, like a large, kind of strong fellow, muscular, but strong-looking[.]"

Honolulu Police Department (HPD) Officer Alan Brissette was sent "to the Kapahulu Library/Ala Wai Golf Course[] area" on a "call of a [b]lack male assaulting a [w]hite female". The male was described as "[a]pproximately 5-9 to 6-2, 190 pounds, white T-shirt, blue jeans, a blue ball cap" and who reportedly fled "[t]owards the Ala Wai Golf Course." While searching for the man, Officer Brissette came upon Tye Taketa (Taketa), a groundskeeper at Ala Wai Golf Course, and "informed him why HPD was at the Ala Wai Golf Course, and [] gave him a description of the male." Officer Brissette also told Taketa the male "possibly might have taken off some clothing."

Taketa testified that at "[a]bout 3:45" in the morning, he "came down the green, [and] saw somebody [facing the Ala Wai] standing next to a tree." Taketa thought the man matched the description he received from the police; i.e., a "[b]lack male without a shirt and a dark-colored pants." Taketa testified the "[b]lack male [was] without a shirt and [had] . . . dark-colored pants." Taketa watched the man for a "few minutes[,]" and said, "[a]fter a while, he crouched down, he stood up, took a couple of steps one way, came back, and turned around, then looked back across the Ala Wai."

There was evidence that Young was on the golf course toward which CW's attacker was seen fleeing. CW testified her attacker ran toward the golf course. Krupa said CW's attacker "got . . . something from her, . . . turned around and ran, . . . towards the golf course area." The evidence showed Young's physical characteristics and clothing were similar to those in the description of CW's attacker, and that her attacker fled towards the golf course where Young was found. Taketa's testimony that he observed Young "crouching" down could suggest Young was attempting to evade detection. Officer Brissette's

3

testimony that "[o]ften the suspects will remove clothing to make it more difficult for [the police] to locate them" supports a reasonable inference that Young took off his shirt to facilitate his attempt to evade detection. HPD Officer Daniel Del Toro testified that Young "appeared to be out of breath" when arrested which, provided further support for the inference that in his attempt to evade detection he was moving in and around the many trees, "shrubs and bushes" on the golf course.

It was not unreasonable for the circuit court and jurors to reject, as an improbable coincidence, that at approximately 4:00 in the morning, Young who shared physical characteristics and clothing with that of CW's attacker, would be out of breath and acting suspiciously on the very golf course towards which witnesses saw her attacker flee and not be her attacker. We conclude there was substantial evidence that Young was CW's attacker, the sole point on appeal.

Therefore,

IT IS HEREBY ORDERED that the September 26, 2012 "Judgment of Conviction and Sentence" entered in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, September 18, 2013.

On the briefs:

Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellant.

Donn Fudo
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4